UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Balfour Beatty Rail, Inc.,

      Plaintiff,

vs.                                       Case No. 3:06-cv-551-J-20MCR

Vincent V. Vaccarello and Charles B. Byers,

      Defendants.

_____/

## **O R D E R**

    **THIS CAUSE** is before the Court on Plaintiff's Motion to Compel (Doc. 19) as

well as the Motion to Quash Subpoena filed by non-parties, Michael Heridia and Robert

Flacco (Doc. 21).

## **I. BACKGROUND**

    On June 19, 2006, Plaintiff filed a Complaint alleging Defendants, Vincent

Vaccarello and Charles Byers, former employees of Plaintiff, conspired and undertook

to damage Plaintiff's computers and to destroy information stored on the computers, to

steal Plaintiff's equipment and to set up a competing enterprise staffed by Plaintiff's

employees to serve Plaintiff's customers. (Doc. 19, p.2). Plaintiff alleges this conduct

occurred while Defendants were still employed with Plaintiff and shortly thereafter. Id.

According to Plaintiff, Defendants left the employ of Plaintiff to start up a competing

business, ARS Corporation ("ARS"). Plaintiff claims Defendants solicited several other

of Plaintiff's employees to leave with them and also solicited business from several of

Plaintiff's customers.  Finally, Plaintiff alleges Defendants undertook to cover up their

actions by destroying information stored on Plaintiff's computers.

On October 5, 2006, the Court entered an Order granting the parties' request for

a confidentiality order to govern the exchange of discovery.  (Doc. 17).  On November

14, 2006, the parties requested an amended confidentiality order to allow them to

exchange material with a designation that such material be limited to "Attorneys' Eyes

Only."  (Doc. 20).  On November 21, 2006, the Court entered such a confidentiality

order (the "Amended Protective Order").  (Doc. 22).

During discovery, Plaintiff learned that two individuals, Michael Heridia and

Robert Flacco, are partial owners of ARS.  Accordingly, Plaintiff served Messrs Heridia

and Flacco (hereinafter referred to as the "Investors") with subpoenas duces tecum.[1]

The Investors are represented by counsel for Defendants.  The Investors objected to

several of the requests in the subpoenas and on November 14, 2006, Plaintiff filed the

instant Motion to Compel (Doc. 19).  In response, the Investors filed a Motion to Quash

the subpoenas (Doc. 21).

## II.  DISCUSSION

Motions to compel discovery under Rule 37(a) are committed to the sound

discretion of the trial court.  See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729,

731 (11th Cir. 1984).  The trial court's exercise of discretion regarding discovery orders

---

[1]  Apparently, Plaintiff originally served Mr. Heridia with a subpoena on October 9, 2006, however, after discussion with opposing counsel, sent new subpoenas on both Mr. Heridia and Mr. Flacco on October 24, 2006.

will be sustained absent a finding of abuse of that discretion to the prejudice of a party.

See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the

disclosure of all relevant information so that the ultimate resolution of disputed issues in

any civil action may be based on a full and accurate understanding of the true facts, and

therefore embody a fair and just result.  See United States v. Proctor & Gamble Co.,

356 U.S. 677, 682, 78 S.Ct. 983 (1958).  Discovery is intended to operate with minimal

judicial supervision unless a dispute arises and one of the parties files a motion

requiring judicial intervention.  Furthermore, "[d]iscovery in this district should be

practiced with a spirit of cooperation and civility."  Middle District Discovery (2001) at 1.

Plaintiff and the Investors were able to resolve many of their disputes regarding

the subpoenas, however, five categories of documents still remain at issue.  They are:

(1) documents showing the specific dollar amount invested in ARS by the Investors; (2)

documents revealing ARS's current clients; (3) documents showing ARS's financial

position during or after June 2006; (4) documents regarding ARS's operations during or

after June 2006; and (5) documents regarding employee applications.  In addition, the

Investors object to several requests on the grounds of over breadth.  The Court will now

address these categories.

**A.      Documents showing the specific dollar amount invested in ARS by the
         Investors**

Request No. 2 seeks "[a]ll documents revealing, reflecting, or pertaining to your

ownership interest in ARS Corp. and/or any other business entity that you know to be

associated with Vaccarello or Byers."  The Investors have agreed to produce responsive

documents outlining their one-third interest in ARS Corp., however, object to producing

documents which will reveal "each individual's specific financial interest and specific

financial amounts they have invested in ARS Corp." (Doc. 31, p.8).  Plaintiff takes the

position that the information is relevant because it will "reveal the extent to which the

Investors or other potential witnesses have a personal incentive to aid the Defendant in

protecting ARS" and intends to use the information to impeach the credibility of the

Investors.  (Doc. 28, p.10).  On the other hand, the Investors argue this information is

highly confidential and that the documents showing the Investors' one-third interest in

ARS Corp. are sufficient for Plaintiff to use for impeachment purposes.

The Court agrees with the Investors that documents showing the Investors' one-

third interest in ARS Corp. are sufficient to show the Investors have an interest in

protecting ARS and thus are sufficient for Plaintiff's intended use.  Accordingly, the

Court will deny Plaintiff's Motion to Compel a response to Request No. 2 and will grant

the Investors' Motion to Quash with respect to Request No. 2.  To the extent they have

not done so, the Investors are directed to produce the responsive documents outlining

their one-third interest in ARS no later than **Wednesday, January 10, 2006**.

**B.**     **Documents revealing ARS's current clients**

Several of Plaintiff's requests seek information identifying ARS's current clients.

Plaintiff argues the identity of ARS's clients as well as information regarding when and

under what circumstances the clients became ARS clients "lies at the very heart of this

litigation." (Doc. 28, p.11).  Plaintiff also points out that with the Amended Protective

Order, the Investors cannot properly argue that the client information is confidential as a

basis for preventing the disclosure.  Perhaps in recognition of this argument, the

Investors object to producing this information not on the grounds that the information is

confidential, but rather, they fear Plaintiff will contact these clients.  Indeed, the

Investors state they are willing to provide Plaintiff "a complete list and supporting

documentation regarding contracts and other paperwork between ARS and its clients

under the condition that counsel for [Plaintiff] not share that information with [Plaintiff]

and not seek third party discovery from the ARS clients revealed." (Doc. 30, p.4).  The

Investors point out that Plaintiff has already contacted one of their clients[2] and they are

concerned Plaintiff's "aggressive discovery tactics" might damage ARS's "fragile

relationship[s]" with its customers.  (Doc. 30, p.5).

   While the Court is sympathetic to the Investor's concerns, such concerns are not

a proper reason to fail to produce relevant information.  Instead, the procedure for

preventing Plaintiff from engaging in improper discovery is to seek a protective order.

Federal Rule of Civil Procedure 26(c) authorizes such a protective order only under

circumstances "which justice requires to protect a party or person from annoyance,

embarrassment, oppression, or undue burden or expense," the potential for which must

be demonstrated by "a particular and specific demonstration of fact, as distinguished

from stereotyped and conclusory statements." Gulf Oil Co. v. Bernard, 452 U.S. 89,

102, n. 16, 101 S.Ct. 2193, 2201 (1981) (internal citations omitted).  The Investors have

made no such showing at this point.  When and if Plaintiff attempts to engage in third

party discovery with these clients, ARS or the Investors may seek Court intervention if

---

[2] The Investors claim this client was never a client of Plaintiff's.  (Doc. 30, p.5).

necessary.  Moreover, the Investors may rest assured the Court will not tolerate Plaintiff

engaging in improper discovery and the Court warns Plaintiff that contacting any client

of ARS who was never a client of Plaintiff, would be bordering on improper discovery.

Accordingly, the Court will grant Plaintiff's Motion to Compel and deny the

Investors' Motion to Quash insofar as they relate to information regarding the identity of

ARS's customers.  As such, the Investors are directed to provide responses to Plaintiff's

requests numbers 18 and 19 no later than **Wednesday, January 10, 2006**.  Counsel for

Plaintiff is directed to comply with the obligations of the Amended Protective Order.

**C.**     **Documents showing ARS's financial position during or after June 2006**

Several of Plaintiff's requests seek documents showing ARS's financial position

during or after June 2006.  Plaintiff claims this information is relevant to help show the

amount of damages to which Plaintiff may be entitled.  (Doc. 28, p.11).  The Investors

object to producing this information, claiming that it is not relevant.  The Investors point

out that ARS is not a defendant in this action[3], is not accused of any wrongdoing and

therefore, the financial position of ARS will not assist in determining the amount of

damages to which Plaintiff may be entitled.  Instead, the Investors take the position that

Plaintiff should be seeking information regarding the financial position of Defendants.

Additionally, the Investors argue Plaintiff is not entitled to any information regarding

ARS's profits and losses in serving customers obtained through activities having nothing

to do with the allegations in this case.

---

[3]  The Court notes that Plaintiff has filed a Motion to Amend its Complaint (Doc. 29). However, this Motion has not yet been decided and as such, ARS is not a defendant in this action at this time.

While ARS is not a party to this action, the Complaint does allege that Defendants left Plaintiff's employ to start their own competing business.  (Doc. 1, p.12, ¶51).  Obviously this competing business is ARS and Defendants acted through ARS in committing the alleged wrongdoing.  Therefore, the Court is not persuaded by the Investors' arguments to the contrary.  The Court does agree with the Investors, however, that Plaintiff should only be entitled to information regarding profits or losses sustained by ARS in servicing clients improperly obtained by ARS.  Accordingly, the Court will not require the production of ARS's financial condition at this time.  Instead, as discussed above, the Investors are to provide Plaintiff with information regarding ARS's clients.  After reviewing this information, counsel for Plaintiff may compile a more narrowly tailored discovery request seeking ARS's financial information regarding clients whom Plaintiff alleges ARS obtained improperly.[4]

**D.**     **Documents reflecting ARS's operations during or after June 2006**

Plaintiff also seeks information regarding ARS's operations.  In its Complaint, Plaintiff contends ARS is a competing business.  Plaintiff believes Defendants intend to oppose this contention and therefore, seeks information showing ARS's operations so that it can prove ARS is a competitor.  The Investors oppose producing information regarding ARS's operations because such information is likely to contain the identity of clients, ARS's financial position as well as trade secrets and confidential pricing information.  (Doc. 31, p.6).  The Court believes information regarding ARS's operations

_____

[4] Of course, if it is easier or preferable to ARS to produce all of its financial information, it is free to do so.  The Court trusts counsel will be able to confer and determine how best to proceed with the production of this information.

is very relevant; especially if Defendants intend to dispute that ARS is a competitor of

Plaintiff.  The Court is also convinced the Amended Protective Order is sufficient to

protect any confidential information the Investors would need to produce.  Accordingly,

the Investors's Motion to Quash the subpoenas is denied insofar as it relates to any

documents reflecting the operations of ARS during and/or after June 2006 and Plaintiff's

Motion to Compel this information is likewise granted.  The Investors shall produce any

responsive information regarding ARS's operations no later than **Wednesday, January**

**10, 2006**.

**E.      Documents regarding employee applications or recruitment**

Plaintiff also seeks information regarding offers of employment or pre-hire

communications with employees of ARS.  The Investors object to producing this

information because it contains confidential information regarding ARS's employees.

Defendants have offered to provide Plaintiff a list of ARS employees in June 2006 and

December 2006 as well as a "sworn interrogatory response containing the names of

each individual whom has ever been employed by ARS and the dates of employment

for each individual."  (Doc. 30, p.7).  Plaintiff responds by stating that it is entitled to the

actual employment applications and related documents in order to determine "when the

recruitment process began and to learn additional information about the recruitment

process."  (Doc. 28, p.12).  Additionally, the Investors point out that they do not have

any employment applications or tax forms in their personal possession, custody or

control and therefore, do not need to respond to this request.  (Doc. 30, p.11).

The Court believes Plaintiff is entitled to the actual employment documents and that a list is not sufficient. However, as the Investors point out, they are not in possession of these documents. The Court finds this a rather technical and trivial point, but will nevertheless require Plaintiff to serve a subpoena (or document request if ARS becomes a party) upon ARS to obtain the employment records. Confidential information such as social security numbers or any medical information may be redacted before it is produced. The Court cautions counsel for Defendants (whom it assumes will also represent ARS) against opposing the production of this information for any reason already presented in the instant motions.

**F.      Over breadth**

In addition to the other objections raised by the Investors, they also object to responding to some requests on the grounds that the requests are overly broad. The requests fitting into this category are Requests Nos. 7, 8, 9, 13 and 15. The Court has reviewed these requests and finds Requests Nos. 7, 8, 13 and 15 are not overly broad and will grant Plaintiff's Motion to Compel with respect to Requests Nos. 7, 8, 13 and 15. The Investors shall produce responsive documents to these Requests (and in compliance with the other holdings in this Order) no later than **Wednesday, January 10, 2006**. As for Request No. 9, the Court agrees with the Investors that requiring them to produce "[a]ll documents reflecting or pertaining to communications between you, on the one hand, and ARS Corp., Vaccarello, or Byers on the other hand" is overly broad and would require the production of virtually every document produced by ARS. As

such, the Court will grant the Investors' Motion to Quash and deny the Motion to

Compel with respect to Request No. 9.

Accordingly, after due consideration, it is

**ORDERED**:

1.      Plaintiff's Motion to Compel (Doc. 19) is **GRANTED in part and DENIED**

**in part** as discussed in the body of this Order.

2. The Motion to Quash Subpoena filed by non-parties, Michael Heridia and

Robert Flacco (Doc. 21) is also **GRANTED in part and DENIED in part** as discussed in

the body of this Order.


**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  21st  day of

December, 2006.


_Monte C. Richardson_

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record