UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Balfour Beatty Rail, Inc.,

        Plaintiff,

vs.                                Case No.  3:06-cv-551-J-20MCR

Vincent V. Vaccarello and Charles B. Byers,

        Defendants.

_____/

**O R D E R**

    **THIS CAUSE** is before the Court on Plaintiff's Motion to Compel (Doc. 33).

Defendants filed a response in opposition to this motion on January 12, 2007 (Doc. 36).

Accordingly, the matter is now ripe for judicial review.

**I.  BACKGROUND**

    On June 19, 2006, Plaintiff filed a Complaint alleging Defendants, Vincent

Vaccarello and Charles Byers, former employees of Plaintiff, conspired and undertook

to damage Plaintiff's computers and to destroy information stored on the computers, to

steal Plaintiff's equipment and to set up a competing enterprise staffed by Plaintiff's

employees to serve Plaintiff's customers.  (Doc. 1).  Plaintiff alleges this conduct

occurred while Defendants were still employed with Plaintiff and shortly thereafter.  Id.

According to Plaintiff, Defendants left the employ of Plaintiff to start up a competing

business, ARS Corporation ("ARS").  Plaintiff claims Defendants solicited several other

of Plaintiff's employees to leave with them and also solicited business from several of

Plaintiff's customers.  Finally, Plaintiff alleges Defendants undertook to cover up their actions by destroying information stored on Plaintiff's computers.

On October 5, 2006, the Court entered an Order granting the parties' request for a confidentiality order to govern the exchange of discovery.  (Doc. 17).  On November 14, 2006, the parties requested an amended confidentiality order to allow them to exchange material with a designation that such material be limited to "Attorneys' Eyes Only."  (Doc. 20).  On November 21, 2006, the Court entered such a confidentiality order (the "Amended Protective Order").  (Doc. 22).  Also in November 2006, Plaintiff filed its first motion to compel (Doc. 19), which the Court granted in part and denied in part on December 21, 2006.  (Doc. 32).  The Court granted several portions of the motion to compel based on its belief that the Amended Protective Order would provide sufficient protection to many confidential documents.  Plaintiff filed the instant motion claiming that based upon the Court's December 21, 2006 Order, Defendants should provide more complete answers to several of its discovery requests.  Specifically, Plaintiff claims Defendants owe more complete responses to fifteen discovery requests.

## II.  DISCUSSION

Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court.  See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).  The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party.  See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result.  See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983 (1958).  Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention.  Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility."  Middle District Discovery (2001) at 1.

Although Plaintiff's Motion indicates counsel "conferred on numerous occasions in a good-faith attempt to resolve the issues presented in this Motion" (Doc. 33, p. 11), Defendants' response makes it clear that Plaintiff did not make a truly "good faith" attempt to resolve the issues in the current motion.  Indeed, of the fifteen discovery requests addressed in the motion, Defendants agreed to produce more information to all but three.  (Doc. 36).  Clearly, had counsel for Plaintiff waited to file the instant motion until properly conferring with opposing counsel, he could have avoided much work.  As such, the Court will caution counsel for Plaintiff against filing any more discovery motions without first properly conferring with opposing counsel.  Failure to do so by either party will result in the possible imposition of sanctions.

The Court now turns to the three remaining discovery requests at issue.  In the first, Interrogatory No. 8 to Defendant, Vincent Vaccarello, Plaintiff asks Mr. Vaccarello to:

> [i]dentify . . . each and every person or entity with an
> investment, ownership interest, or other financial interest in

> ARS, and state the amount of money the person or entity
> has invested, as well as his, hers, or its ownership interest in
> ARS, as measured as a percentage of the outstanding
> shares of ARS stock.

(Doc. 36, p.4).   In response, Mr. Vaccarello identified the three individuals who each have a one-third interest in ARS, however, failed to identify the specific amount of money the individuals invested in ARS.   Vaccarello points to the Court's December 21, 2006 Order in which the Court denied Plaintiff's request to compel the non-party investors, Messrs Heridia and Flacco, to produce information showing the specific amounts they invested in ARS.   (Doc. 32).   In that Order, the Court noted that Plaintiff claimed this information was relevant for impeachment purposes.   As such, the Court found that providing Plaintiff with information showing that three individuals had a one-third interest in ARS was sufficient for credibility purposes.

In the instant motion, Plaintiff acknowledges the Court's holding in the December 21, 2006 Order, however, argues that said holding, which applied to the non-party investors, should not apply to Vaccarello, who is a party.   (Doc. 33, p.10, n.3).   Plaintiff claims that "an individual's incentive to aid in the defense of this lawsuit, and, consequently, the credibility of his testimony, depends more upon the amount of money that he has invested in ARS than it depends upon the percentage of ARS stock he owns."   Id.   The Court is not persuaded by this argument.   Again, the undersigned believes the simple fact that Vaccarello has a one-third interest in ARS is sufficient to attack his credibility.   Consequently, the Court will deny Plaintiff's Motion to Compel insofar as it seeks the specific amount of money invested in ARS by Vaccarello.

The last two discovery requests are addressed to Defendants Byers and Vaccarello and seek the hard drive of any computer used by Byers and Vaccarello for ARS or Balfour Beatty business purposes at any time during 2005 and 2006.  Both Defendants objected on confidentiality grounds to producing the hard drives used for ARS and stated that they did not have the hard drive they used for Balfour Beatty business.  (Doc. 36, p.6).  Plaintiff takes the position that the Amended Protective Order should provide sufficient protection to any confidential information and therefore, Defendants' objections based on confidentiality should be disregarded.

The Court does not agree.  Plaintiff's requests simply seek computer hard drives. Plaintiff does not provide any information regarding what it seeks to discover from the hard drives nor does it make any contention that Defendants have failed to provide requested information contained on these hard drives.  As another court in this district and the Eleventh Circuit have held, "Federal Rule of Civil Procedure 34 permits a party to request documents, but it 'does not give the requesting party the right to conduct the actual search.'"  Floeter v. City of Orlando, 2006 WL 1000306 *3 (M.D. Fla. 2006) (quoting, In re Ford Motor Co., 345 F.3d 1315, 1317 (11th Cir. 2003)).  As those courts held, allowing a party direct access to another party's databases may be warranted in certain situations, such as a showing of non-compliance with discovery rules.  In re Ford Motor Co., 345 F.3d at 1317.  Plaintiff in the instant case has made no showing which would justify granting access to Defendants' hard drives.  Indeed, allowing Plaintiff to gain access to Defendants' hard drives in this case would permit Plaintiff to engage in a fishing expedition.  Therefore, the Court will deny Plaintiff's Motion to Compel more

complete responses to Updated Request No. 22 to Byers and Updated Request No. 23

to Vaccarello.

Accordingly, after due consideration, it is

**ORDERED**:

Plaintiff's Motion to Compel (Doc. 33) is **DENIED**.


**DONE AND ORDERED** in Chambers in Jacksonville, Florida this __18th__ day of

January, 2007.


_Monte C. Richardson_

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record